UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY JAMES,<br><br>   Plaintiff,<br><br> v.<br><br>H-MART NORTHWEST HEADQUARTERS OFFICE, et al.,<br><br>   Defendants. | CASE NO. 2:25-cv-01781-JHC<br><br>ORDER |

   This matter comes before the Court sua sponte on pro se Plaintiff Henry James's Complaint (Dkt. # 5) and Motion to Serve Summons by the U.S. Marshals (Dkt. # 6).

   "Federal courts are courts of limited jurisdiction." *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). "The plaintiff bears the burden of proving the existence of jurisdiction." *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986); *see also* Fed. R. Civ. P. 12(b)(1). This includes establishing that the Court has subject-matter jurisdiction over the action. If, at any time, a "federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

ORDER - 1

Plaintiff asserts diversity jurisdiction as the basis for this Court's subject-matter jurisdiction. *See* Dkt. # 5 at 3. A district court has diversity jurisdiction over a civil action if: (1) there is complete diversity of citizenship among the parties; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Complete diversity exists if "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For the purposes of diversity jurisdiction, an individual is a citizen of the state where they are domiciled, *see Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), and a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

Here, Plaintiff has not established complete diversity. As alleged in the Complaint, Plaintiff is "a citizen of the State of Washington and was a citizen of [Washington] during the times and events in this complaint." Dkt. # 5 at 7. According to the Complaint, Defendant H-Mart Northwest Headquarters is a corporation that is "incorporated under the laws of the State of Washington" and has a "principal place of business in the State of Washington." *Id*. The Complaint also alleges that Defendant Ohhyuk Kwon is an individual and "a citizen of Washington." *Id*. As the Complaint alleges that Plaintiff and two Defendants are citizens of Washington, Plaintiff has not pleaded complete diversity and thus has not established subject-matter jurisdiction under 28 U.S.C. § 1332.

Although the Complaint does not assert federal question jurisdiction as a basis for subject-matter jurisdiction, *see generally* Dkt. # 5, the Court also considers whether Plaintiff has established subject-matter jurisdiction under 28 U.S.C. § 1331. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc) (courts have an obligation, "particularly in civil rights cases, to construe the pleadings

ORDER - 2

liberally and to afford the [pro se plaintiff] the benefit of any doubt"). Under 28 U.S.C. § 1331, a district court has subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

Here, Plaintiff alleges violations of his rights under Washington state law and the Fourth and Fourteenth Amendments of the U.S. Constitution. *See* Dkt. # 5 at 6. As Plaintiff's state-law claims do not "arise" under a federal law, these claims cannot confer jurisdiction under 28 U.S.C. § 1331. Plaintiff's constitutional claims are also insufficient to confer federal question jurisdiction. Although these claims are technically based on the Constitution, "[i]t is well-established that the guarantees of the [Fourth] and Fourteenth amendments apply only to governmental action, and not to private action." *Bradford v. Union Pac. R. Co.*, 767 F.3d 865, 870 (9th Cir. 2014) (cleaned up); *see also United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (quoting *Walter v. United States*, 447 U.S. 649, 662 (1980) (Blackmun, J., dissenting)).(Fourth Amendment protections are "wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'"). As Defendants are private parties and the Complaint does not allege any governmental action, Plaintiff has failed to state a cause of action that is based on the Fourth or Fourteenth Amendment of the U.S. Constitution. Accordingly, the Court does not find that it has subject-matter jurisdiction under either 28 U.S.C. § 1332 or § 1331.

Because the Court believes it lacks subject-matter jurisdiction, it cannot consider the merits of Plaintiff's case nor rule on Plaintiff's Motion to Serve Summons by the U.S. Marshals at this

ORDER - 3

time (Dkt. # 6).  The Court thus ORDERS Plaintiff to SHOW CAUSE within ten (10) days of the date of this order why this action should not be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1).  If Plaintiff does make this showing, the Court will re-note the Motion to Serve Summons by the U.S. Marshals (Dkt. # 6).  If Plaintiff does not make this showing, the Court will dismiss the Complaint (Dkt. # 5) and Motion (Dkt. # 6) without prejudice.  In such an event, Plaintiff may seek to file suit in state court.

Dated this 4th day of November, 2025.

*John H. Chun*
John H. Chun
United States District Judge