UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY JAMES,<br><br>   Plaintiff,<br><br> v.<br><br>H-MART NORTHWEST HEADQUARTERS OFFICE ET AL.,<br><br>   Defendants. | CASE NO. 2:25-cv-01781-JHC<br><br>ORDER |

  This matter comes before the Court on pro se Plaintiff Henry James's Motion for Reconsideration (Dkt. # 11). Having reviewed the motion and case file, the Court GRANTS the motion.

  Plaintiff filed this case on September 18, 2025. *See* Dkt. # 5. On November 4, 2025, the Court ordered Plaintiff to show cause within ten days as to why the action should not be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1). Dkt. # 7. After no response was received within 10 days, the Court dismissed the action without prejudice on November 17, 2025, pursuant to its November 4 Order.[1] *See* Dkt. ## 8; 9; *see also* Dkt. # 7 at 4

---

[1] The Court notes that Plaintiff's allegations of racism in the Motion for Reconsideration are unfounded. Aside from the impartiality required by all U.S. district court judges, it is unclear to the Court

ORDER - 1

("If Plaintiff does not make this showing, the Court will dismiss the Complaint"). After final judgment was entered, the Court received Plaintiff's Response to the Order to Show Cause via U.S. Mail. The Response was docketed by the Court on November 19, 2025, but received by the courthouse mailroom on the morning of November 14, 2025. *See* Dkt. # 10. The document also bears an internal date and postmark of November 12, 2025. *See id*. After notice of the judgment was received, Plaintiff filed the Motion for Reconsideration, asking the Court to reconsider its prior order and grant relief from the judgment under Federal Rule of Civil Procedure 60. *See* Dkt. # 11.

As the Court finds that Plaintiff's Response was mailed within the 10-day period, the Court finds it proper to reconsider its prior dismissal order and judgment. Having considered Plaintiff's Response to the Order to Show Cause (Dkt. # 10), the Court concludes that Plaintiff has yet to allege facts that would establish this Court's subject matter jurisdiction over the action. The Court also questions the credibility of Plaintiff's claims that asserting diversity jurisdiction was "no more than a typographical error" and that he has "always asked for Federal Question Jurisdiction," *see* Dkt. # 10 at 1, as, in the Complaint, Plaintiff checked the "diversity jurisdiction" box, typed "PLAINTIFF BASIS FOR JURISDICTION IS DIVERSITY OF CITIZENSHIP," and never mentioned the words "federal question jurisdiction." *See generally* Dkt. # 5.

Still, the Court finds that Plaintiff is entitled to the benefit of the doubt and thus should be granted leave to amend. Accordingly, the Court grants Plaintiff relief from the judgment so that Plaintiff may amend his complaint. In granting Plaintiff leave to amend, the Court notes that failure to plead subject matter jurisdiction in the amended complaint will once again result in

---

how its prior ruling could have been motivated by "racial bias" when apparently Plaintiff did not disclose his race before the Motion for Reconsideration. *See generally* Dkt.

ORDER - 2

dismissal under Federal Rule of Civil Procedure 12(b)(1), as federal courts cannot entertain suits if subject matter jurisdiction is lacking.

For these reasons, the Court:

(a) GRANTS Plaintiff's motion;

(b) VACATES the order at Dkt. # 8 and judgment at Dkt. # 9; and

(c) GRANTS Plaintiff leave to amend the Complaint. Plaintiff may file an amended Complaint on or before December 15, 2025. Plaintiff's initial Complaint (Dkt. # 5) remains dismissed for lack of subject matter jurisdiction.

Dated this 24th day of November, 2025.

John H. Chun
United States District Judge

ORDER - 3