1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY JAMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H-MART NORTHWEST HEADQUARTERS OFFICE ET AL.,<br><br>　　　　　Defendants. | CASE NO. 2:25-cv-01781-JHC<br><br>ORDER |

　　　　This matter comes before the Court sua sponte on pro se Plaintiff Henry James's Amended Complaint. Dkt. # 13.

　　　　As stated in this Court's previous Order,

> "Federal courts are courts of limited jurisdiction." *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). "The plaintiff bears the burden of proving the existence of jurisdiction." *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986); *see also* Fed. R. Civ. P. 12(b)(1). This includes establishing that the Court has subject-matter jurisdiction over the action. If, at any time, a "federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

Dkt. # 7 at 1. Accordingly, this Court can review Plaintiff's claims only if it is first convinced that it has federal subject matter jurisdiction. As this Court has already dismissed Plaintiff's claims for lack of diversity jurisdiction, *see* Dkt. # 7 at 5, and Plaintiff contends that federal

ORDER - 1

question jurisdiction forms the basis for this Court's jurisdiction, *see generally* Dkt. ## 10 & 13, the Court limits its analysis to whether it has federal question jurisdiction.

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As explained by the Supreme Court, "[i]t is the settled interpretation of these words . . . that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction thus requires a federal question to be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Mottley*, 211 U.S. at 152 ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States."). And unsupported conclusions of law and frivolous federal claims cannot support a finding of subject matter jurisdiction. *See Baker v. Carr*, 369 U.S. 186, 199 (1962); *see also McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).

Plaintiff alleges that Defendants violated his rights under Washington state law and the First, Fourth, and Fourteenth Amendments of the U.S. Constitution. *See* Dkt. # 13 at 4. As Plaintiff's state-law claims do not "arise" under a federal law, these claims cannot confer jurisdiction under 28 U.S.C. § 1331. Thus, the Court can assert federal question jurisdiction only if Plaintiff's Amended Complaint properly pleads a constitutional violation under the First, Fourth, or Fourteenth Amendment. Plaintiff claims that he has done this, alleging that: (1) Defendant employees violated his Fourth Amendment rights by detaining him with unreasonable force; and (2) Defendant Orlosky violated his First Amendment rights by coercing Defendant employees to file theft charges against him. *See* Dkt. # 13 at 2. He also contends that although

Defendant employees are private parties, the Court can and should view them as state actors under the state action doctrine. *Id*. at 3.

But Plaintiff's arguments cannot be squared with the caselaw governing constitutional claims against private parties. The Constitution protects citizens from arbitrary governmental action, not from the acts of private individuals. Thus, the Fourteenth Amendment, which incorporates the First and Fourth Amendments against the states, "applies only against acts of a state, i.e., 'state action.'" *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989) (First Amendment); *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (Fourth Amendment). Although a private entity can sometimes be treated as a state actor for constitutional purposes, such treatment is reserved for "exceptional cases" where the party could "fairly be said to be a state actor[.]" *Child.'s Health Def. v. Meta Platforms, Inc.*, 112 F.4th 742, 754 (9th Cir. 2024), *cert. denied*, 222 L. Ed. 2d 1130 (2025) (citations omitted). For a private party to satisfy this requirement, it must "meet one of four tests: (1) the private actor performs a traditionally public function; (2) the private actor is a 'willful participant in joint activity' with the government; (3) the government compels or encourages the private actor to take a particular action; or (4) there is a 'sufficiently close nexus' between the government and the challenged action." *Id*. (internal citations omitted).

Here, the Court cannot find that Defendant employees engaged in state action such that they could fairly be described as "state actors" under any of the applicable tests. As for the public function test, courts have held that private security guards and other individuals exercising the shopkeeper's privilege are not state actors. *See Okunuga v. Yakima Cnty., Wash.*, 2008 WL 2937560, at *5 (E.D. Wash. July 23, 2008); *see also Collins*, 878 F.2d at 1150 (collecting cases). They have also concluded that such arrests do not convert private citizens into state actors under the joint action or nexus test, *see Okunuga*, 2008 WL 2937560, at *5 (collecting cases); *Collins*,

ORDER - 3

878 F.2d at 1154–55 (collecting cases), as state action requires "pervasive entwinement" between governmental actors and the ostensibly private entity. *See Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 291 (2001). This is true even where, as here, a private citizen works with the police to file charges against the suspected shoplifter, *see Collins*, 878 F.2d at 1155 (collecting cases), as "'[c]oercion' and 'encouragement' are like 'entwinement' in referring to kinds of facts that can justify characterizing an ostensibly private action as public instead." *Brentwood*, 531 U.S. at 303. The Court thus concludes that Defendant employees' detention of Plaintiff under RCW 4.24.220 and subsequent filing of charges with the police cannot be fairly characterized as "state action."[1] Plaintiff has thus failed to plead a proper Fourth Amendment claim against Defendant employees.

Plaintiff has also failed to plead a Fourth Amendment claim against Defendant Orlosky. Although Defendant Orlosky is a state actor, the Amended Complaint (as well as Plaintiff's prior submissions) indicate that Defendant Orlosky did not arrive at the scene of the incident until after Defendant employees allegedly used excessive force. *See generally* Dkt. # 13; *see also* Dkt. # 5. The Amended Complaint thus fails to plead any facts that would suggest that Defendant Orlosky engaged in excessive or unreasonable force against Plaintiff in violation of the Constitution. As unsupported conclusions of law and frivolous federal claims are insufficient to confer federal question jurisdiction, the Court does not find that Plaintiff's statement of his own cause of action presents a federal question under the Fourth Amendment, as incorporated by the Fourteenth Amendment.

---

[1] The Court also notes that none of Plaintiff's cited cases suggest otherwise. *See, e.g.*, *Flagg Bros. v. Brooks*, 436 U.S. 149, 166 (1978) (holding that the plaintiffs did not establish state action); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 358–59 (1974) (same); *Brentwood*, 531 U.S. at 298 (finding an *association* is a state actor because its members consist of public institutions and public officials); *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 628 (1991) (holding that the exercise of a peremptory challenge in a *courtroom* is state action).

ORDER - 4

The Court also does not find that Plaintiff's case "arises" under the First Amendment, as incorporated by the Fourteenth Amendment. Although Plaintiff's First Amendment argument is not entirely clear on the face of the Amendment Complaint, the Court notes that the First Amendment protects citizens from government intrusions into their individual rights to associate and speak. See U.S. Const. amend I. Plaintiff thus cannot assert a First Amendment claim based on Defendant Orlosky's right to associate or Defendant employees' right to file a police report. See Dkt. # 13 at 3–4. The Court is also aware of no caselaw that would support a First Amendment claim based on Defendant Orlosky, i.e. an individual state actor, allegedly coercing Plaintiff to confess to theft.

Accordingly, the Court concludes that Plaintiff's suit does not arise under the First, Fourth, or Fourteenth Amendment, nor any other federal law. It thus concludes that Plaintiff's Amended Complaint does not establish federal question jurisdiction and must be dismissed for lack of subject matter jurisdiction under Federal Rule of Procedure 12(b)(1). As the Court has already granted Plaintiff leave to amend, see Dkt. ## 7, 12, and the Court believes that further leave to amend would be futile given the nature of the jurisdictional issues identified in this Order and its Order to Show Cause (Dkt. # 7), the Court DISMISSES this action without prejudice.

Dated this 14th day of January, 2026.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 5